IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

OSCAR BENAVIDES        PLAINTIFF

VS.        CAUSE NO.: 4:21cv145-DMB-JMV

GRACE AG PARTNERSHIP; LTO INC.; BUBBA OAKES, INC.;
JOSHUA OAKES; TAMMY OAKES, INC.; SCOTT JINKS, INC.;
ANDREA JINKS, INC.; AMO, LLC; SCOTT JINKS;
ISHMAEL ORTEGA; & JOHN DOES 1-25        DEFENDANTS

**COMPLAINT**
*(Jury Trial Demanded)*

COMES NOW, Oscar Benavides, by and through the undersigned counsel, and as his complaint against Grace Ag Partnership, LTO Inc., Bubba Oakes, Inc., Joshua Oakes, Tammy Oaks, Inc., Scott Jinks, Inc., Andrea Jinks, Inc., AMO, LLC, Scott Jinks, Ishmael Ortega, and John Does 1-25, would state and plead as follows:

**PARTIES**

1.

Plaintiff, Oscar Benavides, is an adult resident citizen of Houston, Texas.

2.

Defendant Grace AG Partnership is a Mississippi general partnership comprised of LTO, Inc., a Mississippi Corporation; Bubba Oakes, Inc., a Mississippi Corporation; Joshua Oakes, a Mississippi adult resident; Tammy Oakes, Inc., a Mississippi Corporation; Scott Jinks, Inc., a Mississippi Corporation; and Andrea Jinks, Inc., a Mississippi Corporation, AMO, LLC, a

Mississippi limited liability company. Pursuant to Mississippi law, general partners are jointly and severally liable for partnership obligations.

3.

Defendant Grace AG Partnership may be served with process through its partner Joshua Oakes at 449 Metcalfe Road, Greenville, MS 38703.

4.

Defendant, LTO, Inc. is a Mississippi Corporation who may be served with process through its Registered Agent for Service of Process, Josh Oakes at 449 Metcalfe Road, Greenville, MS 38703.

5.

Defendant, Bubba Oakes, Inc. is a Mississippi Corporation who may be served with process through its Registered Agent for Service of Process, Josh Oakes at 449 Metcalfe Road, Greenville, MS 38703.

6.

Defendant, Joshua Oakes, is a Mississippi adult resident and who may be served with process at 511 Metcalfe Road, Greenville, MS 38703.

7.

Defendant, Tammy Oakes, Inc. is a Mississippi Corporation who may be served with process through its Registered Agent for Service of Process, Josh Oakes at 511 Metcalfe Road, Greenville, MS 38703.

8.

Defendant, Scott Jinks, Inc. is a Mississippi Corporation who may be served with process through its Registered Agent for Service of Process, Josh Oakes at 449 Metcalfe Road, Greenville, MS 38703.

9.

Defendant, Andrea Jinks, Inc. is a Mississippi Corporation who may be served with process through its Registered Agent for Service of Process, Josh Oakes at 449 Metcalfe Road, Greenville, MS 38703.

10.

Defendant, AMO, LLC is a Mississippi Limited Liability Company who may be served with process through its Registered Agent for Service of Process, Josh Oakes at 511 Metcalfe Road, Greenville, MS 38703.

11.

Defendant Scott Jinks was an employee and/or agent of Grace AG Partnership and/or the general partners and was Benavides's supervisor who was controlling Benavides at the time Benavides was injured. Scott Jinks is a resident of the State of Mississippi.

12.

Defendant Ishmael Ortega was an employee and/or agent of Grace AG Partnership and/or the general partners and was a co-worker of Benavides at the time Benavides was injured. Ishmael Ortega is a resident of the State of Mississippi.

13.

Defendants, John Does 1 - 25 are any unknown persons, entities, partnerships, corporations, joint venturers, or other entities or individuals who are part of the farming

partnership that employed and directed Plaintiff, or acted in concert with Defendants, or who provided any equipment or instrumentality which was involved in this accident, who may be liable for other Defendants' actions, or may be liable for the injuries to Oscar Benavides. The identity of these defendants cannot be made without formal discovery despite a good faith investigation. Plaintiff reserves the right to amend the Complaint once these defendants have been properly identified and the allegations shall relate back to the date of filing.

**JURISDICTION AND VENUE**

14.

This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**FACTS**

15.

On or about November 5, 2018, Oscar Benavides, was an employee of Defendants.

16.

On or about November 5, 2018, Oscar Benavides was instructed and required by his supervisor Scott to clean the grain headers that Defendants had utilized in harvesting the crops on Defendants' premises, or in furtherance of Defendants' business(es), in Washington and/or Bolivar County, Mississippi. Upon information and belief, Benavides's supervisor was Scott Jinks.

17.

Defendants, by and through their employees, had removed the grain headers from the combines and placed the grain headers on transport trailers prior to Oscar Benavides being instructed and required by Defendants to clean them.

18.

Defendants, by and through their employees, instructed Benavides and his fellow employee, Ismael Ortega, to clean out the grain headers. Ismael Ortega was also employed by the Defendants as a farmhand. On the date of this incident, Ismael Ortega was acting within the scope of his employment.

19.

After cleaning the first grain header but prior to beginning on the second grain header, Scott, instructed Benavides to get under the grain header and clean out the crop debris from around the belts through an access door on the underside of the grain headers.

20.

The access door would not remain in an opened position that would allow Benavides access to clean out the crop debris.

21.

Benavides's co-worker, Ismael Ortega, in the course and scope of his employment, provided Benavides a metal bar to hold the access door open, while Benavides attempted to clean out the crop debris.

22.

While in the process of cleaning out the grain header, the metal bar slipped and struck Oscar Benavides in the face, which resulted in significant injuries and damages to Oscar Benavides.

23.

At all times pertinent, Oscar Benavides was under the direct control of the Defendants by and through its employee, Scott.

## Count I - Negligence

24.

Plaintiff incorporates the allegations of all previous paragraphs herein.

25.

At all times pertinent, Defendants owed Plaintiff a duty to: (1) provide Benavides and Ortega with a safe working environment; (2) provide sufficient instructions and procedures to carry out the orders from their superior, Scott; (3) provide reasonable and unobstructed access to the equipment that Benavides and Ortega were being asked to clean; (4) provide the tools, instrumentalities, and equipment necessary to allow Benavides and Ortega to perform their job duties in a safe and reasonable manner; and (5) provide adequate and reasonable supervision of Benavides and Ortega to perform their job duties in a safe manner.

26.

Defendants knew or should have known of the dangerous situation which existed and of the dangerous and/or ultra-hazardous conditions which could be encountered in the course of the work.

27.

However, Defendants failed to take any measures to ensure the safety of Oscar Benavides, including the promulgation of rules and practices regarding safety.

28.

Defendants negligently instructed Benavides to clean these grain headers while the headers were on the transport trailer and no longer attached to the combine. Defendants' negligent instructions resulted in Benavides's attempting to carry out his job duties with limited access to the portion of the header that Defendants instructed Benavides to clean.

29.

Defendants were negligent in instructing and requiring Benavides to clean the grain headers and particularly the portion accessed through the underside access door, without the header being attached to the combine and utilizing any safety equipment such as safety stop bars which would have allowed unfettered access to the area of the grain header that Benavides was trying to clean when he was injured.

30.

Defendants, being legally obligated, and having undertaken and assumed the duty to do so, failed to exercise reasonable care to discover a potentially hazardous situation or conditions and failed to take appropriate action to ensure the safety of Oscar Benavides.

31.

Defendants breached their above-referenced duties, including their duties to provide a reasonably safe place to work and to discover and prevent a situation which could present a danger to individuals working on and around the subject combine grain header

32.

As described herein, Defendants failed to provide a reasonably safe place to work. Defendants also failed to provide reasonably safe instrumentalities with which to work.

33.

Defendants also failed to provide Oscar Benavides a sufficient number of properly trained employees to help perform the work and failed to properly train and instruct Oscar Benavides.

34.

Not only did Defendants fail to provide a safe place to work, but Defendants also instructed Oscar Benavides and others to engage in activities unreasonably dangerous, and activities that Defendants knew, or should have known, may cause harm to Oscar Benavides or others.

35.

Defendants' actions and inactions as described herein constitute negligence on the part of Defendants.

36.

The damages and personal injuries suffered by Oscar Benavides were the direct and proximate result of one or more of the foregoing negligent acts of Defendants.

37.

As a proximate result of the negligence of Defendants, Oscar Benavides suffered severe personal injuries, including losing the ability to see out of his left eye, rendering him blind and causing severe depression which manifested in an attempted suicide and prolonged hospitalization.

38.

Oscar Benavides has and will continue to incur substantial hospital, medical, drug and other related expenses. Further, Oscar Benavides has been caused to endure extreme pain and suffering, loss of wages and wage earning capacity, mental and emotional distress, and a loss of enjoyment of life, all of which Oscar Benavides has suffered in the past and will continue to suffer more of in the future.

WHEREFORE, PREMISES CONSIDERED, Oscar Benavides demands a jury trial and a judgment of, from and against the Defendants, jointly and severally, in an amount which the jury

determines would reasonably compensate Oscar Benavides for his injuries and damages (but in excess of the minimal jurisdiction and limits of this Court). Plaintiff also demands judgment, of, from and against Defendants, jointly and severally, for punitive damages in an amount which the jury determines is warranted under the facts, in an effort to deter Defendants and others similarly situated from engaging in similar conduct. Plaintiff demands a judgement of, from and against the Defendants, jointly and severally, for interest on any amounts determined would be owed (pre- and post-judgment), attorneys' fees if appropriate, and all costs herein.

RESPECTFULLY SUBMITTED,

OSCAR BENAVIDES

BY:    /s/ S. Kirk Milam
       S. KIRK MILAM, MSB #99637

Kirk Milam, Attorney at Law, PLLC
428 N. Lamar Blvd. Ste 103
Oxford, MS 38655
662-238-3354
Kirk.milam@gmail.com
*Counsel for Plaintiff*

Charles Summers (MSB#101785)
200 Jefferson Ave., Ste. 700
Memphis, TN 38103
901-522-1365
cwsummersiii@gmail.com
*Counsel for Plaintiff*

Rick G. Davis (MSB# 99562)
SHELTON DAVIS, PLLC
117 Park Circle Drive
Flowood, Mississippi 39232
601-932-1142
Rick@SheltonDavisPllc.com
*Counsel for Plaintiff*

David W. Shelton (MSB# 99675)
SHELTON DAVIS, PLLC
1223 Jackson Ave. East, Ste. 202
Oxford, Mississippi 38655
662-281-1212
David@SheltonDavisPllc.com
*Counsel for Plaintiff*